UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ANDREW A. BILLS,<br><br>                        Plaintiff,<br><br>v.<br><br>ASHLEY RODRIGUEZ, et al.,<br>                        Defendants. | Case No. 25-12738<br>Honorable Shalina D. Kumar<br>Magistrate Judge Curtis Ivy, Jr. |

**OPINION AND ORDER OF PARTIAL DISMISSAL**

Michigan prisoner Andrew A. Bills ("Bills"), currently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. The complaint names four defendants and concerns Bills' rights under the First and Eighth Amendments. For the reasons that follow, the Court dismisses Bills' Eighth Amendment claims and his First Amendment claim based on the right to petition the government. The Court also dismisses defendants Rodriguez, Lawson, and West. Finally, the Court dismisses Bills' claims against defendant Martinez in his official capacity.

**I. Factual Allegations**

Bills' complaint concerns an incident which occurred at Gus Harrison Correctional Facility. He names four defendants: Nurse Ashley Rodriguez,

Corrections Officer Martinez, Grievance Coordinator Lawson, and Assistant Deputy Warden West.

Bills states that, on June 7, 2025, Martinez handcuffed his hands behind his back and locked him in a shower stall. ECF No. 1, PageID.5. Rodriguez ordered Bills onto his knees so he could receive medication through a food slot. *Id.* at PageID.5. Rodriguez "made sexual comments" while dispensing his medication, and Martinez remarked on how filthy the shower was and used a "Spanish racist word for white people," which was offensive to Bills. *Id.*

Bills does not specify the amount of time he was in the shower stall. He claims that he suffered emotional distress because the filthy food slot exposed him to germs and bacteria, Rodriguez made sexually suggestive comments, and Martinez used a derogatory word to refer to white people. *Id.* at PageID.6-7.

Bills filed a grievance complaining about Rodriguez and Martinez. Lawson and West denied his grievance and placed him on modified access for grievances. *Id.* at PageID.11. Bills also alleges that Martinez issued a false misconduct in retaliation for Bills filing a grievance. *Id.*

Bills names the defendants in their personal and official capacities, and seeks monetary damages.

**II. Standard**

On September 9, 2025, the Court granted Bills permission to proceed *in forma pauperis*. ECF No. 4. Under the Prison Litigation Reform Act of 1996, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint in whole or in part before service if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 42 U.S.C. § 1997(e)(c).

A *pro se* civil rights complaint is to be construed liberally but must still comply with minimum pleadings standards. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). This rule is intended to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). This pleading standard does not require "detailed" factual allegations but does require more than the bare assertion of legal principles or conclusions. *Id.* Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations

must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of rights was intentional. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

**III. Discussion**

    **A. Eighth Amendment**

Bills claims that Rodriguez and Martinez violated his rights under the Eighth Amendment. He alleges they forced him to place his mouth on an obviously unsanitary food slot and verbally harassed him.

"[T]he Eighth Amendment prohibits punishments which, although not physically barbarous, involve the unnecessary and wanton infliction of pain, or are grossly disproportionate to the severity of the crime." *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981) (citation omitted) (internal quotation

4

marks omitted). To succeed on an Eighth Amendment claim, a prisoner must establish two elements, one objective and one subjective. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the objective component requires a prisoner to show that the conduct was "sufficiently serious." *Rafferty v. Trumbull County, Ohio*, 915 F.3d 1087, 1094 (6th Cir. 2019) (quotation omitted). The objective component "is a 'contextual' inquiry that is 'responsive to contemporary standards of decency.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992)). The subjective component requires that the defendant acted with a "sufficiently culpable state of mind." *Hudson*, 503 U.S. at 8.

Bills claims that he was forced to receive his medicine through an unsanitary food slot when he was locked in a shower stall. "Conditions-of-confinement cases are highly fact-specific, but one guiding principle is that the length of exposure to the conditions is often paramount." *Lamb v. Howe*, 677 F. App'x 204, 209 (6th Cir. 2017) (citing *DeSpain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001). Even if the slot through which Bills received his medicine was unsanitary, he does not allege that a physical illness resulted. This single instance of potential exposure to germs amounts to a temporary inconvenience and is not sufficiently serious to implicate constitutional protection. *See Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) ("'Not

every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment.'" (quoting *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987)).

He also alleges that Rodriguez's and Martinez's verbal harassment violated the Eighth Amendment. Verbal abuse or general harassment by a prison guard does not constitute cruel and unusual punishment in violation of the Eighth Amendment. *Wingo v. Tennessee Department of Corrections*, 499 F. App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson*, 357 F.3d at 546 (holding harassment and verbal abuse, while it is "shameful and utterly unprofessional ... do[es] not constitute the type of infliction of pain that the Eighth Amendment prohibits."). Thus, Bills' allegations of verbal harassment fail to state an Eighth Amendment violation. His Eighth Amendment claim will be dismissed and, because that is the only claim raised against Rodriguez, she will be dismissed.

**B. First Amendment**

Next, Bills alleges that Lawson and West violated his rights under the First Amendment by denying his grievance and placing him on modified

access for grievances. He also claims that Martinez issued a false misconduct ticket in retaliation for Bills filing a grievance.

The First Amendment guarantees "the right of the people ... to petition the Government for a redress of grievances." U.S. Const. amend. I. A prisoner has a First Amendment right to file grievances against prison officials, *see Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), but the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a citizen's petition for redress of grievances. *See Smith v. Arkansas State Highway Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views.").

Because a prisoner does not have a constitutionally protected interest in an inmate grievance procedure or the right to an effective procedure, *Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005), Bills' claim that Lawson and West failed to properly or adequately respond to his grievance fails to state a claim on which relief may be granted. *O'Brien v. Michigan Dep't of Corr.*, 592 F. App'x 338, 341 (6th Cir. 2014) (holding that a defendant's denial of an administrative grievance was

7

"insufficient to show personal involvement in the alleged unconstitutional conduct as required to state a claim under § 1983"); *Johnson v. Aramark*, 482 F. App'x 992, 993 (6th Cir. 2012) ("[T]he denial of a grievance or the failure to act upon the filing of a grievance is insufficient to establish liability under § 1983.").

Bills challenge to his placement on modified access to the grievance process also fails to state a claim. The Sixth Circuit has held that modified access does not violate a prisoner's right to petition the Government. *See Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445-47 (6th Cir. 2005); *Corsetti v. McGinnis*, 24 F. App'x 238, 241 (6th Cir. 2001). As such, Bills fails to state a claim regarding his placement on grievance restriction and West and Lawson will be dismissed from this action.

He also claims that Martinez violated his First Amendment rights by issuing a false misconduct ticket in retaliation for Bills filing a grievance. This claim is not subject to summary dismissal. While Bills may or may not ultimately prevail on this claim, he has pleaded sufficient facts to state a potential claim for relief.

### C. Official Capacity

Finally, Bills names the sole remaining defendant, Martinez, in his personal and official capacity. The Eleventh Amendment bars civil rights

8

actions against a State and its agencies and departments unless the State has waived its immunity and consented to suit, or Congress has abrogated that immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989). The State of Michigan has not consented to being sued in civil rights actions in the federal courts, *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004) (citing Abick v. Michigan, 803 F.2d 874, 877 (6th Cir. 1986)), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 341 (1979). Eleventh Amendment immunity applies to state employees who are sued in their official capacities. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991) (citing Kentucky v. Graham, 473 U.S. 159, 166 (1985)). Thus, Bills fails to state a claim against Martinez in his official capacity.

## IV. Conclusion

Because Bills has failed to state a claim upon which relief may be granted as to his claims asserted under the Eighth Amendment and his First Amendment claim based on the right to petition the government, these claims are **DISMISSED**. Likewise, Rodriguez, Lawson, and West are **DISMISSED** because Bills has failed to state a claim upon which relief may be granted against them. Finally, Bills' claims against Martinez in his official capacity are **DISMISSED**.

Bills' claim that Martinez retaliated against him for filing a grievance survives initial screening. The Court will now refer this matter to the Pro Se Prisoner Early Mediation Program.

**IT IS SO ORDERED**.

s/Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge

Dated: September 25, 2025